UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-16926-RAM

IN RE:
MAGALY GONZALEZ
    Debtor
_____/

TRUSTEE'S OBJECTION TO CLAIM ON NEGATIVE NOTICE
TO CLAIM # 2 FILED BY ONEMAIN FINANCIAL

IMPORTANT NOTICE TO CREDITORS

    **This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**
    **If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned Trustee, Nancy K Neidich, Esquire, P.O. Box 279806, Miramar, Florida 33027. OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**
    **If your entire claim is objected to and this is a chapter 11 case, you will not have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.**
    **The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.**

    Pursuant to Bankruptcy Rule 3007, the Trustee objects to the following claims(s) filed in this case:

| Claim # | Name of Claimant |
|---|---|
| 2 | ONEMAIN FINANCIAL . |

<u>Recommended Disposition</u> Strike and Disallow: The Claims Bar Date was November 8, 2023. The Claims Bar Date is like a statute of limitations and must be strictly enforced. The debtor's plan fails to disclose treatment of this creditor.
    If the Creditor files a Motion to Allow the claim, the creditor should agree that they no longer have stay relief and that the claim will be discharged as payments will now be under the plan. See *In re Dukes*, 909 F.3d 1306, 1313 (11th Cir. 2018).

**The Trustee requests proof of:**
    a) Date the creditor took possession of the collateral

LF-25 (rev. 12/01/15)

   b) How the collateral was sold, or if not at public auction - limited to parties permitted to bid- proof of value at sale

**Legal Objection:**
   1) An amended unsecured claim seeks a change in the pro rata distribution of payments to each unsecured creditor. An unsecured creditor may move to modify the plan to alter the amount of distribution to that creditor whose claim is provided for by the plan to take account of the payment of the claim by the disposition of its collateral. 11 U.S.C. §1329(a)(3).
   There is no operation of law that requires a change in the distribution under the plan due to a late amended claim. Nor is there an automatic allowance of a late amended claim. Without an order from the Court, the late amended claim is ineffective.
   2) The claim was amended without notice to the allowed unsecured creditors.

   3) If a secured creditor, whose claim is to be paid directly by the debtor according to the plan, amends its claim to seek an unsecured claim based on a post confirmation deficiency, issues arise with disposable income, valuation, and post petition payments received. If the debtor has reduced his disposable income by the contract payment on that collateral, the secured creditor is already provided for in the debtor's disposable income through the proposed direct monthly payments. 11 U.S.C. §1329(a)(3) The plan may need to be modified to increase the debtor's disposable income payments to the unsecured claims by the amount they have not paid and are no longer paying to the secured creditor.

   4) If the secured collateral is surrendered or repossessed, the creditor must quickly dispose of the collateral, meet all the requirements to obtain a deficiency under state law, and meet all the elements necessary to obtain an allowed amended claim to be paid through the plan. *In re Barrett*, 543 F.3d 1239, 1247 (11th Cir. 2008). This requires a finding of facts by the court.

   5) Under Florida Law, the creditor needs to prove that collateral was sold in a commercially reasonable manner. Commercial reasonableness is the disposition of collateral "in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition." *S. Developers & Earthmoving, Inc. v. Caterpillar Fin. Servs. Corp.*, 56 So. 3d 56, 60 (Fla. Dist. Ct. App. 2011). See § 679.627(2)( c). If the creditor is unable to prove that the disposition of the collateral was in a commercially reasonable manner, the creditor may introduce evidence of the fair market value of the collateral at the time of repossession to determine the deficiency. *Weiner v. Am. Petrofina Mktg., Inc.*, 482 So. 2d 1362, 1364 (Fla. 1986).
   If the creditor fails to immediately dispose of the collateral upon the Court's order lifting the stay or confirming the plan, the creditor must also reduce the deficiency by any depreciation caused by the delay. The value of the collateral is determined by its condition at the time the creditor takes possession, not by the date of the sale. *In re Severance Truck Line, Inc.*, 35 B.R. 332, 333 (Bankr. M.D. Fla. 1983) (*Creditor held collateral for 2 months and collateral was no longer in same condition*). If the value of the collateral depreciates due to the creditor holding the collateral after relief from stay is obtained by the order of confirmation, the creditor should not benefit from the delay.

   6) A creditor must prove all the elements to allow a late amended claim. Bankruptcy courts freely allow amended claims where the purpose is to cure a defect in the claim as

LF-25 (rev. 12/01/15)

originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim, not to substitute a different cause of action. See *Szatkowski v. Meade Tool & Die Co.*, 164 F.2d 228, 230 (6th Cir.1947). But late amended claims are subject to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment. *In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir. 1985).

The Bankruptcy Rules do permit the filing of an unsecured claim within 30 days of the judgment which creates that unsecured claim. F.R.B.P. 3002( c)(3). The Court's order of confirmation of a plan surrendering collateral, or a previously entered order of relief, creates the unsecured claim. *In re Winn-Dixie Stores, Inc.*, 639 F.3d 1053, 1056 (11th Cir. 2011). *("[C]onfirmation of a reorganization plan is equivalent to a final judgment.")*.

The Trustee believes that the Creditor must file a late amended claim within 30 days of the first order creating the unsecured claim or file a motion to extend the time to file the claim within the 30 days after repossession of the vehicle.

The Eleventh Circuit has outlined five factors for a court to consider when permitting an amended claim: (1) whether the debtors and creditors relied upon the creditor's earlier proofs of claim or whether they had reason to know that subsequent proofs of claim would be filed; (2) whether other creditors would receive a windfall by the court's refusing to allow amendment; (3) whether the creditor intentionally or negligently delayed in amending its proof of claim; (4) the justification for failure of the creditor to file for a timely extension to the bar date; and (5) whether equity requires consideration of any other factors. *United States v. Int'l Horizons, Inc. (In re Int'l Horizons, Inc.)*, 751 F.2d 1213, 1218 (11th Cir. 1985). A creditor filing a late amended claim must satisfy all of these factors..

RESPECTFULLY SUBMITTED:
NANCY K. NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL 33027-9806

By: /s/ _____
Nancy K. Neidich, Esq.
Chapter 13 Trustee
Amy E. Carrington, Esq.
*Senior Staff Attorney*
FLORIDA BAR NO: 101877

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection to Claim # 2 was served through NEF on debtor's attorney and by US First Class Mail to ONEMAIN FINANCIAL P.O. Box 3251, Evansville, IN 47731-3251 and ONEMAIN FINANCIAL GROUP, LLC, C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324 on  5/21/2024  :

/s/ _____
Amy E. Carrington, Esq